IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2002

**STATE OF TENNESSEE v. STEVEN L. RAUHUFF**

**Direct Appeal from the Circuit Court for Blount County**
**No. C-11481      D. Kelly Thomas, Jr., Judge**

---

**No. E2001-00543-CCA-R3-CD**
**May 20, 2002**

---

The defendant was indicted for operation of a motor vehicle after being declared an habitual offender. Following a bench trial, he was convicted of the indicted offense. In this appeal, the defendant challenges the sufficiency of the evidence. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Mack Garner, District Public Defender (on appeal); and Kevin W. Shepherd, Maryville, Tennessee (at trial), for the appellant, Steven L. Rauhuff.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Michael L. Flynn, District Attorney General; and John A. Bobo, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

At the bench trial, the state first introduced a certified copy of a prior order declaring the defendant to be an Habitual Motor Vehicle Offender.

Blount County Deputy Rusty Aycocke testified that on November 27, 1998, he responded to a complaint that two men and one woman were fighting in the road. After briefly investigating the incident, Deputy Aycocke received another dispatch stating a white Beretta that had been at the scene was back. Aycocke again drove toward the scene, passed a white Beretta, and made a U-turn.

Deputy Aycocke further testified that while he was making the U-turn, the Beretta accelerated; he placed his spotlight on the Beretta; the Beretta pulled in a driveway; and he pulled his cruiser directly behind the Beretta. Aycocke saw a man wearing a blue jean jacket with brown trim exit the driver's side of the Beretta, and, after seeing the man's face, he was "almost positive" the man was the defendant because he had dealt with the defendant in the past. Aycocke exited his cruiser and followed the man on foot, until the man entered the defendant's mobile home. Aycocke testified he yelled verbal commands for the man to stop and advised the man he was under arrest. Aycocke explained that, although he could have grabbed the man during the foot chase, he decided otherwise after seeing what appeared to be a handgun in the man's hand.

Deputy Aycocke stated he heard the man's voice from within the mobile home instruct someone he referred to as "Tammy" to "tell them that I've been here all night." Aycocke recognized the man's voice as being the defendant's. After the defendant was informed he was under arrest and needed to come out, the defendant, wearing a blue jean jacket, cracked open the home's sliding glass door, exposed his head, and said "F- - - you. I'm not coming out." The officers eventually entered the home and arrested the defendant.

Sergeant Joe Godfrey testified he responded to a dispatch and proceeded to the scene. While exiting his cruiser, the defendant's intoxicated wife ran from a nearby wooded area toward Sgt. Godfrey. Sgt. Godfrey corroborated Deputy Aycocke's testimony concerning the defendant's activities in the mobile home.

Donna Rauhuff, the defendant's wife, testified that on November 27, 1998, she was returning from the store alone in her white Beretta when a car passed her and executed a U-turn. She further testified she believed the car belonged to a neighbor whom had threatened her earlier that week, so she attempted to pull into her driveway. She stated, however, she missed it and turned into a neighbor's driveway instead. She said she exited the car, ran away, and "hid in some bushes." She stated the defendant was in the mobile home the entire time, denied the defendant was driving, and denied being intoxicated.

The defendant testified he, Tammy Boza, and Sam Graves were asleep in the mobile home when he heard someone "beating on the door." He went to the door and saw men dressed in black, who instructed him to come outside. The defendant conceded he stated, "F - - - you, I ain't coming out." The defendant further stated the individuals acted violently and failed to identify themselves as police officers. He stated they threw a cinder block through the glass door, and the three officers "proceeded to beat the hell out of me." He denied driving the automobile.

In the state's rebuttal proof, Captain Randy Meeks testified Donna Rauhuff confessed that her police report "stretched the truth."

# SUFFICIENCY OF THE EVIDENCE

The defendant does not dispute his habitual offender status. Rather, he contends the evidence was insufficient to establish he was driving the vehicle. We respectfully disagree.

## A. Standard of Review

On appeal, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Accordingly, we will not reweigh the evidence, but instead, we will presume that the trier of fact has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility were resolved by the trier of fact. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Although the defendant was convicted in a bench trial, the findings of the trial judge carry the same weight as a jury verdict. State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999).

## B. Analysis

Viewing the evidence in a light most favorable to the state, the evidence is more than sufficient to support the trial court's finding that the defendant was the driver of the automobile. Deputy Aycocke performed a U-turn when he saw the Beretta traveling in the opposite direction. He followed the vehicle into a driveway, saw a man in a blue jean jacket appearing to be the defendant exit the driver's side, and chased the man on foot until he entered defendant's residence. Deputy Aycocke stated he never lost sight of him during the foot chase. The defendant, wearing a blue jean jacket, was then found in the mobile home. Although the defendant contends the evidence is insufficient because there was no direct testimony the defendant was the driver of the vehicle, we conclude the judge, as the trier of fact, could reasonably infer the defendant was the driver since Deputy Aycocke saw no other person in the vehicle. Moreover, Deputy Aycocke heard the defendant instruct Tammy Boza to inform officers he had been in bed all night. The defendant's instruction was an attempt to conceal his true whereabouts, from which an inference of guilt could be drawn. See Hicks v. State, 533 S.W.2d 330, 334 (Tenn. Crim. App. 1975) (holding that "any attempt to suppress or destroy or conceal evidence is relevant as a circumstance from which guilt of an accused so acting may be inferred").

This issue is without merit.

**CONCLUSION**

We affirm the judgment of the trial court.

_____

JOE G. RILEY, JUDGE